J-S71043-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT CULLIS | : | |
| | : | |
| Appellant | : | No. 1727 EDA 2019 |

Appeal from the Judgment of Sentence Entered May 14, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0002368-2016

BEFORE:  BOWES, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.: FILED APRIL 14, 2020

Robert Cullis ("Cullis") appeals from the judgment of sentence entered following the revocation of his probation. Cullis's counsel has filed an ***Anders***[1] brief and a petition to withdraw as counsel. We grant counsel's petition to withdraw and affirm the judgment of sentence.

Cullis entered into a negotiated guilty plea in October 2016 to Driving Under the Influence and Possession of Drug Paraphernalia. Pursuant to the plea, the court sentenced Cullis to a term of time served to six months of incarceration, as well as one year of concurrent probation. The court later issued a bench warrant in February 2017 for Cullis's failure to comply with the

_____

[1] ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

terms of his probation. Following a *Gagnon II* hearing,[2] the court sentenced Cullis to back time of 83 days plus one year of concurrent probation.

The court issued a second bench warrant in February 2019 for Cullis's further failure to comply with the terms of his probation. The court held a *Gagnon II* hearing at which Cullis stipulated to the violation. N.T., 5/14/19, at 3. The court revoked Cullis's probation based on his failures to complete his alcohol and safe driving programs and pay his court costs. *Id.* at 7. He also absconded from his dual diagnosis program. *Id.* at 10. Further, Cullis had an open criminal matter in another county. *Id.* at 7-8. The court adopted Cullis's probation officer's recommendation and resentenced Cullis to a new term of time served to six months of incarceration with parole after completion of Prep I and Prep II programs. *Id.* at 14. Cullis did not file a post-sentence motion. This timely appeal followed.

Counsel for Cullis identifies the following issue in his *Anders* brief: "Whether the term of incarceration imposed herein is harsh and excessive under the circumstances due to its burdensome nature pertaining to his family and its imposition based on an open charge for an unrelated offense allegedly committed prior to his previous sentence[?]" *Anders* Br. at 3 (unnecessary capitalization omitted).

We must first determine whether counsel has satisfied the procedural requirements for withdrawing as counsel. *See Commonwealth v. Goodwin*,

---

[2] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*) (stating that "[w]hen faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw"). In order to withdraw pursuant to **Anders**, counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

**Commonwealth v. Cartrette,** 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*). Further, in the **Anders** brief, counsel seeking to withdraw must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Id.** at 355, n.5 (quoting **Commonwealth v. McClendon**, 434 A.2d 1185, 1187 (Pa. 1981)).

Instantly, we find that counsel has complied with all of the above technical requirements. In his **Anders** brief, counsel has provided a summary of the procedural history and facts of the case with citations to the record. Further, counsel's brief includes an issue that could arguably support the appeal, and counsel's assessment of why that issue is frivolous, with citations to the record and relevant legal authority. In addition, counsel served Cullis with a copy of the **Anders** brief and advised him of his right to proceed *pro se* or retain a private attorney to raise any additional points he deemed worthy of this Court's review. Application to Withdraw, 11/1/19, at ¶¶ 5-6. Cullis has not responded to counsel's petition to withdraw. As we find counsel has met the technical requirements of **Anders** and **Santiago**, we will proceed to determine if the issue counsel identified is wholly frivolous.

The issue presented in counsel's **Anders** brief is whether Cullis's sentence was harsh and excessive. This issue challenges the discretionary aspects of his sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." **Commonwealth v. Conte**, 198 A.3d 1169, 1173 (Pa.Super. 2018), *appeal denied*, 206 A.3d 1029 (Pa. 2019). Before reviewing the merits of Cullis's claim, we must determine whether: "(1) the appeal is timely; (2) the appellant has preserved his issue; (3) his brief includes a concise statement of the reasons relied upon for allowance of an appeal with respect to the discretionary aspects of his sentence; and (4) the concise statement raises a substantial question whether the sentence is inappropriate

under the Sentencing Code." ***Commonwealth v. Green***, 204 A.3d 469, 488 (Pa.Super. 2019).

Here, engaging in the four-part analysis set forth in ***Green***, the record reflects that Cullis's appeal is timely, his brief includes a concise statement of the reasons relied upon for allowance of an appeal, and the concise statement raises a substantial question whether the sentence is inappropriate under the Sentencing Code. ***See Commonwealth v. Colon***, 102 A.3d 1033, 1043 (Pa.Super. 2014), *appeal denied*, 109 A.3d 678 (Pa. 2015) (stating that the imposition of a sentence of total confinement following the revocation of probation based solely on a technical violation raises a substantial question).

However, Cullis has failed to preserve his issue for review. The sentencing hearing transcript contains no objection from Cullis that the sentence imposed was harsh and excessive and Cullis did not file a subsequent motion to reconsider or modify his sentence. The appellant must have presented the discretionary sentencing claim to the trial court by at least one of these methods in order to preserve it for appellate review. ***See Cartrette***, 83 A.3d at 1042. This rule applies equally in the revocation context. ***See Commonwealth v. Kalichak***, 943 A.2d 285, 289 (Pa.Super. 2008). "Absent such efforts, an objection to a discretionary aspect of a sentence is waived." ***Cartrette***, 83 A.3d at 1042 (citation omitted). Since Cullis did not raise the issue at the sentencing hearing or in a post-sentence motion, Cullis did not give the sentencing court the opportunity to reconsider or modify its

sentence.[3] This sentencing claim is therefore waived, and thus frivolous for direct appeal. *See id.*, 83 A.3d at 1042-43 (finding challenge to discretionary aspects of sentencing wholly frivolous where appellant failed to raise it in a post-sentence motion or at sentencing).

We also find the argument frivolous, as counsel states it. The record demonstrates that the trial court took into account all of the testimony and arguments put before it at the *Gagnon II* hearing, in addition to the history of this case. At the *Gagnon II* hearing, Cullis stipulated to violating his probation. The court found that in addition to having an open criminal matter in another county, Cullis had repeatedly committed technical violations of his probation. The court also heard argument regarding Cullis's family obligations and employment before making its decision. The record supports the trial court's implicit determination that "the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned" and "such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S.A. § 9771(c)(2),(3).

We thus agree with counsel that the issue identified in his *Anders* brief is wholly frivolous. Our independent review has revealed no non-frivolous issues. We therefore affirm the judgment of sentence and grant the petition to withdraw.

---

[3] Cullis's counsel also did not raise the issue in his court-ordered Pa.R.A.P. 1925(b) concise statement. In his concise statement, Cullis's counsel merely stated that he intended to file an *Anders* brief.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/14/20